Benjamin Brenner, J.
Motion is made to strike out a counterclaim interposed in this action wherein plaintiff seeks to compel defendants to deliver to her a bank passbook of an account in the interest department of the First Trust Company of Albany issued to and opened in the name of ‘' Anna C. Brady, in Trust for Lillian B. O’Donnell.”
Lillian B. O’Donnell is the plaintiff and Anna C. Brady is now deceased. The defendant Molly Vanecek is the named executrix in the last will and testament of Anna 0. Brady, which has been offered for, but as yet has not been admitted to, probate. The codefendant Francis W. McGinley, an attorney, drew such will, was a subscribing witness thereto, and is acting as the attorney for Molly Vanecek in offering it for probate. It is alleged that such defendants have possession of the passbook, without which plaintiff cannot withdraw the fund, and that they have refused to deliver it to her upon demand.
The defendants’ answer admits all of the allegations of the complaint except that plaintiff “ is entitled to possession of the said bank book ” and it also contains certain matter asserted as ' ‘ a separate defense and by way of counterclaim. ’ ’ In that contention defendants allege the opening of the account by Anna C. Brady in form in trust for plaintiff, as well as the making of the will hereinabove referred to. They further allege that objections to the probate of the will have been made by certain persons, to wit, John E. Kelly, John Quinn and Emma Taylor, who would be the intestate distributees of Anna C. Brady, of whom plaintiff is not one; that such objections, among other things, challenge her testamentary capacity; that the funds going into the bank *22 deposit set up for plaintiff derived from a sale of real property of the deceased, and that no part thereof “ was produced or provided by the said Lillian O’Donnell ”; that the bank account was set up approximately two months prior to the execution of the will; that if such objections to it are sustained the validity of the disposition of the aforesaid bank account likewise will be attacked; that the defendants have been presented with adverse claims to the funds represented by such bank account by both plaintiff and such distributees of Anna C. Brady, and that they “ cannot determine, without hazard to themselves, the right of the said persons to the said property and are exposed to double liability as the result of such adverse claims.” Defendants assert their willingness to deliver the passbook and the fund it represents to whosoever shall be adjudged entitled to it. They allege that they have impleaded the distributees who make the adverse claims as aforesaid by service upon them of “ a summons and interpleading complaint, together with a copy of the original summons and complaint served upon them in this action. ’ ’
Such service complies with the provisions of sections 286 to 287 inclusive of the Civil Practice Act regulating interpleader. It brings the other persons so served into the action without the necessity for a court order to that end (Civ. Prac. Act, § 285, subd. 3; N. Y. L. J., July 20, 1954, p. 4, editorial).
Relief is asked that the rival claimants be required ‘ ‘ to inter-plead together concerning their claims to the said property ”; that the original defendants be permitted to deliver the property demanded in the complaint into court “to be disposed of in accordance with the final order or judgment ”; and upon doing so that these defendants be discharged of liability from the adverse claims. This is the usual and accepted form of answer of a “ stakeholder ” sued as herein (see 8 Bender on Forms of Pleading, p. 910, form No. 9099-E).
Plaintiff objects that the aforesaid matter does not constitute a proper counterclaim “ for the reason that it does not raise questions between the said defendants and the plaintiff herein, along with the said John E. Kelly, John Quinn and Emma Taylor, interpleaded defendants”; also that it does not constitute a legally valid counterclaim against the plaintiff. The primary test of a counterclaim, of course, is that it must be sufficient to support an independent cause of action against the person or persons against whom it is asserted. This includes a plaintiff, “or a plaintiff and another person or persons alleged to be liable ” (Civ. Prac. Act. § 266).
*23 The attacked pleading meets that test. The facts asserted would support an independent action of interpleader as it formerly existed, which is not ousted by the new statutory practice (Rosen v. Equitable Life Assur. Soc., 289 N. Y. 333, 337); or an action to determine a disputed claim of title to personal property (Civ. Prac. Act, § 286). The procedure in the form followed under the new (and concurrent) practice governing interpleader is consequently correct. This disposition is without prejudice to any application which plaintiff may make, if so advised, as to the alleged default in pleading on the part of the interpleaded defendants. Motion denied. Settle order on notice.