■ In the Matter of RAYMOND B. KERR, Appellant, v HARVEY WEISENBERG, as President of the City Council of the City of Long Beach, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to reinstate petitioner to the position of fire inspector,

petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County, dated October 19, 1977, as dismissed the petition. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and petition granted to the extent that respondents are directed to provide petitioner with back pay from the date he re-established his residency in Long Beach until the date the position of full-time fire inspector was abolished, less the amount of compensation earned by petitioner in any other employment or occupation and any unemployment benefits he may have received during said period. Prior to July 1, 1975 the petitioner was employed on a full-time basis as Fire Inspector of the City of Long Beach. On or about July 1, 1975 the City Council of the City of Long Beach passed a resolution abolishing the position of full-time fire inspector. Pursuant to section 81 of the Civil Service Law, petitioner was placed on a preferred list for reinstatement. Shortly thereafter, the city council created the position of part-time fire inspector and appointed the petitioner to that post. The fact that he accepted the part-time job of fire inspector had no affect on his status on the preferred list. The part-time job was obviously not an equivalent substitute for the full-time job, given the tremendous disparity in remuneration. (Cf. Civil Service Law, §§ 71, 73.) On November 12, 1976 the petitioner orally tendered his resignation as part-time fire inspector and informed respondents that he was moving to California to obtain full-time employment. On or about November 18, 1976 the City Manager of the City of Long Beach appointed, by way of a lateral transfer, the respondent Garrett J. Rooney as acting and provisional fire inspector pending examination. On December 7, 1976 the city council re-established the position of full-time fire inspector, elevated respondent Rooney to the position and abolished the part-time fire inspector position. (The full-time position was again abolished in July, 1978.) Had petitioner been a resident of Long Beach when the fire inspector post was again made full-time, he would have been entitled to the position. But the city code, as it then existed, had a residency requirement, so the list (apparently consisting only of petitioner) was useless since petitioner was then living in California. The only question presented is whether petitioner is entitled to reinstatement from the date he re-established his residency in Long Beach. If petitioner's move to California can be deemed an "abandonment" of his rights and an automatic removal from the preferred list, his claim for reinstatement has no merit. A preferred list is valid for four years (Civil Service Law, § 81). Thus, if there is no official resignation, disability, death or refusal to accept a comparable offer, a name can exist on a preferred list for four years. Petitioner's name was placed on the list in July, 1975; thus he is still eligible for appointment. It should be pointed out that rule 5.3 of the Rules and Regulations of the Department of Civil Service (4 NYCRR 5.3) states that, other than when an unauthorized absence is deemed a resignation, "every resignation shall be in writing". Petitioner's "resignation" does not meet this requirement since it was orally made to the city manager and no attempt was made to file an official notice of resignation. In fact, petitioner's act of "resigning" from the part-time job was not a "resignation" and abandonment of a desire for the full-time position; it could more accurately be termed a refusal to accept appointment (after abolition of the full-time job) to a lower grade position. In such a circumstance, "a person on a preferred list shall not be deemed to relinquish his eligibility for reinstatement" (see 4 NYCRR 5.7 [c]). Thus, we are of the opinion that petitioner's name was not removed from the preferred list by his move to California (to obtain full-time employment). Nor can it be

said that respondents had the "impossible task" of trying to locate petitioner in California when the position again became a full-time one. Since the city code then had a residency requirement, petitioner was ineligible for appointment, *at that time,* but his name was still on the list. He was, in December, 1976, lawfully passed over for appointment. In any event, under the circumstances presented, respondents could have simply sent a notice to petitioner's last known local address. Petitioner, as of April 15, 1977, the date he re-established his residency and sought the position, was entitled to be appointed fire inspector, replacing the provisional employee holding that position. The preferred list upon which petitioner's name was recorded was still valid and the appointment should have been made from that list. Petitioner, having been the fire inspector before the abolition of that position in 1975, was entitled, upon his return to Long Beach after only a five-month absence, to be reappointed to his former post, it being occupied only by a provisional employee. The rights of an individual on a preferred eligibility list are paramount and superior to those of a provisional employee. (See Civil Service Law, §§ 65, 81; see, also, 4 NYCRR 5.7 [c].) Latham, J. P., Damiani and Titone, JJ., concur; Suozzi, J., dissents and votes to affirm the judgment insofar as it has been appealed from, with the following memorandum: The majority is of the view that petitioner should have been reappointed to his prior position of Fire Inspector of the City of Long Beach and that he is entitled to an award of back pay from April 15, 1977 to July, 1978, when the position of fire inspector was abolished. I disagree with this conclusion and vote to affirm the judgment dismissing the petition for the following two reasons: (1) Petitioner, by his own conduct, the specifics of which are not in dispute, abandoned any rights that he had to a position on a preferred list for the position of full-time fire inspector; and (2) At the time the position of fire inspector was re-established, petitioner was ineligible for appointment thereto by virtue of section 19-2 of the Code of the City of Long Beach. A brief review of the factual background of this proceeding is in order. Prior to July 1, 1975 petitioner was employed on a full-time basis as Fire Inspector of the City of Long Beach. On or about July 1, 1975, the City Council of the City of Long Beach passed a resolution abolishing the position of full-time fire inspector. Pursuant to section 81 of the Civil Service Law, petitioner was placed on a preferred list for reinstatement. The city council thereafter created the position of part-time fire inspector and appointed the petitioner to that post. On November 12, 1976 the petitioner tendered his resignation as part-time fire inspector (petitioner concedes same in his petition) and, according to the respondent City Manager of Long Beach, advised the latter that he was moving to California. With respect to this issue, the city manager deposed, without contradiction by petitioner, that "On or about the 12th day of November, 1976, Petitioner came to my office and advised me that he was resigning his position as part-time Fire Inspector * * * and was moving to California with his wife to take up permanent residence therein." The city manager further deposed that petitioner left no forwarding address. On or about November 18, 1976 the city manager appointed respondent Rooney as acting and provisional fire inspector pending examination. On December 7, 1976 the city council re-established the position of full-time fire inspector and deleted the part-time fire inspector position. In February, 1977 the City of Long Beach amended its code in order to permit nonresidents to be employed upon condition that the prospective employee becomes a resident within 90 days following the date of employment. Petitioner returned to Long Beach in mid-April, 1977, and instituted the instant proceeding seeking reinstatement to the position

of fire inspector. (In July, 1978 the position of fire inspector was abolished.) It is clear from the uncontroverted facts in the record, that petitioner manifested an intent to abandon any rights that he had on the preferred list. This was clearly a rational inference to be drawn by the respondent city manager when petitioner advised him that he was resigning and moving to California without leaving the city manager a forwarding address. Petitioner argues, and the majority apparently agrees, that a listing on a preferred list is valid for four years unless there is a disability, death, refusal to accept a comparable offer or an official resignation which "shall be in writing" (4 NYCRR 5.3; Civil Service Law, § 81). However, it would be incongruous to read the Civil Service Law and the rules and regulations in such a strict manner. Petitioner did not leave a forwarding address when he left Long Beach. By holding that no abandonment was proven under the circumstances of this proceeding, the majority cripples the ability of municipalities to expeditiously fill important government posts as the need arises and instead imposes upon them the unreasonable burden of tracking down those who, by their own actions, choose to have their whereabouts remain unknown. Such a result was clearly not envisioned by the Civil Service Law or the department's rules and regulations. In any event, apart from the issue of abandonment, petitioner was not eligible for reinstatement at the time the position of full-time fire inspector was re-established in December, 1976. Subdivision (a) of section 19-2 of the Code of the City of Long Beach, in effect at that time, stated: "No person shall be eligible for appointment or employment to any office, job or position in any of the departments, boards, bureaus or branches of the city, unless he shall have been a bona fide resident and dweller in good faith in the city, actually making it his abode for at least (12) consecutive months preceding the date of his appointment or employment; however, if a specific project or undertaking requires special skill, technical knowledge or professional ability which, in the opinion of the city council is not possessed by any resident, then nonresidents may be temporarily employed, subject to the approval of the city council for the specific project or undertaking for a limited time only." Under the express language of this law, petitioner, a resident of California since mid-November, 1976, was ineligible for appointment as of the date the position became available, i.e., December 7, 1976, and the respondents were perfectly within their rights to appoint another to this position. By awarding petitioner, in effect, reinstatement at this late date with back pay for 14½ months, the majority, under the guise of protecting the civil service system, has given petitioner a windfall at the taxpayers' expense which is both improper and ill-advised.