In the Matter of PAUL LEWIS, Respondent, v CLEVELAND HILL UNION FREE SCHOOL DISTRICT, Appellant.

Fourth Department, September 26, 1986

APPEARANCES OF COUNSEL

*Denman, D'Amico, Dorn & Cataldi (Michael L. D'Amico* of counsel), for appellant.

*Bernard F. Ashe (J. Michael Eadry* and *Rocco A. Solimando* of counsel), for respondent.

**OPINION OF THE COURT**

BALIO, J.

The Cleveland Hill Union Free School District (District) abolished petitioner's position as a social studies teacher in 1981 and he was placed on the preferred eligible list for possible reemployment. In July of 1984, petitioner was employed by Our Lady of Pompeii School as principal of its grammar school for a term beginning September 1984 and ending June 30, 1985. In December of 1984, the District notified him that a vacancy would exist on January 28, 1985, and offered to reemploy him. Petitioner immediately advised the District that he wanted to be reemployed and asked for a leave of absence until the end of the school year so he could satisfy his legal and moral commitment to his current employer. When the District refused, petitioner rejected its reemployment offer, stating in writing that his inability to accept "should not be judged as a waiver of any of [his] rights to future recall through the Preferred Eligibility List" and that he expected such rights to continue. The District then removed Lewis' name from the preferred eligible list.

Petitioner commenced this CPLR article 78 proceeding to annul the District's decision and to restore his name to the list with all seniority rights. He contends that a rejection of reemployment does not give rise to automatic removal from the preferred eligible list and that the District's action was arbitrary and capricious. Supreme Court granted the petition, and we affirm.

The statutory right of a certified and tenured teacher to reinstatement or reemployment after abolition of his position has existed since 1917 *(see,* L 1917, ch 786, § 1) and is currently contained in Education Law § 2510 (3).[1] Despite this

---

1. Education Law § 2510 (3) provides: "3. If an office or position is abolished or if it is consolidated with another position without creating a new position, the person filling such position at the time of its abolishment or consolidation shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur

longevity, the only authority cited by either party regarding automatic removal from the list is dictum in a decision by the Commissioner of Education to the effect that rejection of a reemployment offer constitutes a waiver of any right to future recalls *(see, Matter of Spoto,* 21 Ed Dept Rep 195 [1981]). Since the statute does not provide for a waiver of reinstatement rights and this dictum is contrary to the legislative purpose behind the tenure statutes, we decline to follow it *(see, Matter of Brewer v Board of Educ.,* 51 NY2d 855, 857-858).

Subdivision (3) simply provides for the reinstatement of teachers on the preferred eligibility list in the order of seniority of service "at any time within seven years" from abolition of their positions. From its inception in 1917, the statute has never contained any provision for the removal of a person from the list except by lapse of time.[2] The District urges us to read into the reinstatement statute a waiver of rights similar to that applicable to civil service employees *(see,* Civil Service Law § 81 [5]; 4 NYCRR 5.7; *Matter of Kerr v Weisenberg,* 65 AD2d 815, *affd* 49 NY2d 870; *Matter of Bacon v Huie,* 261 App Div 692, *affd* 287 NY 813). We have rejected that approach in the past *(Matter of Moritz v Board of Educ.,* 60 AD2d 161, 167) and reject it now. In the case of civil service employment, the Legislature has expressly directed the promulgation of rules for a waiver of reinstatement rights (Civil Service Law § 81 [5]). A similar direction is conspicuously absent from the tenure statute. "[T]he failure of the Legislature to include the matter within the scope of the act indicates that its exclusion was intended" (McKinney's Cons Laws of NY, Book 1, Statutes § 74, p 157).

The legislative purpose behind the tenure statutes is to

---

in an office or position similar to the one which such person filled without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he has filled. The persons on such preferred list shall be reinstated or appointed to such vacancies in such corresponding or similar positions in the order of their length of service in the system at any time within seven years from the date of abolition or consolidation of such office or position."

2. When first enacted, the statute provided that "[t]he names of such persons shall be placed upon such preferred list in the order in which their services have been thus discontinued" (L 1917, ch 786, § 1, adding former Education Law § 881 [3]). It was then amended to provide for reinstatement in the order of length of service (L 1934, ch 141, § 1). In 1950, the Legislature limited a person's appearance on the list to four years from abolition of the position (L 1950, ch 762, § 3, adding Education Law § 2510). This period was extended to six years (L 1977, ch 790, § 1) and then to seven years (L 1981, ch 835, § 1).

attract qualified teachers and provide job security and protection to teachers who have given years of satisfactory service *(Matter of Adlerstein v Board of Educ.,* 64 NY2d 90, 99; *Matter of Baer v Nyquist,* 34 NY2d 291, 295). Since removal from the preferred eligible list is tantamount to a termination of tenure and seniority rights, policy considerations negate the injection of an automatic waiver into the statutory scheme *(see, Matter of Leggio v Oglesby,* 69 AD2d 446, 450, *appeal dismissed* 48 NY2d 882, *appeal dismissed* 53 NY2d 704; *see also, Tomiak v Hamtramck School Dist.,* 138 Mich App 644, 360 NW2d 257 [1984]).

We also find no basis for treating petitioner's conduct as a waiver of reinstatement rights under the circumstances of this case. This is not an instance where a teacher has indicated his lack of interest in reemployment because he is employed elsewhere. Lewis initially endeavored to accept reemployment under conditions that would enable him to fulfill his short-term commitment to another employer. When the District rejected his proposed reemployment terms, petitioner notified the District that he was unable to accept their offer because he felt legally and morally obligated to complete his existing contract. He did, however, expressly note his continued interest in reemployment and stated that his inability to accept the District's offer should not be deemed a waiver of reinstatement rights.

A teacher is not obligated to remain without work until recalled or until the expiration of seven years in order to retain seniority rights on the preferred eligible list *(see, Matter of Acinapuro v Board of Coop. Educ. Servs.,* 89 AD2d 329, 338) and the acceptance of employment elsewhere is not an abandonment of reinstatement rights *(Matter of Mead,* 23 Ed Dept Rep 101 [1983]; *Matter of Brown,* 15 Ed Dept Rep 479, 482 [1976]). "The rights of tenured teachers may not lightly be put aside" *(Matter of Acinapuro v Board of Coop. Educ. Servs., supra,* p 337), and we decline to do so here.

All petitioner seeks is a restoration of his name to the preferred eligible list with seniority rights. We fail to perceive how this request causes any administrative inconvenience to the District. In any event, whatever inconvenience may exist must yield to the protection of petitioner's tenure rights *(see, Matter of Steele v Board of Educ.,* 53 AD2d 674, *affd* 42 NY2d 840). Inasmuch as restoration of petitioner's name to the preferred list is consistent with the statutory goal of providing

job protection to tenured teachers, Supreme Court correctly granted the petition.

Accordingly, the judgment should be affirmed.

DILLON, P. J., CALLAHAN, BOOMER and SCHNEPP, JJ., concur.

Judgment unanimously affirmed, without costs.