■ In the Matter of ANN KOHLER, Appellant-Respondent, v BOARD OF EDUCATION OF SOUTH HUNTINGTON UNION FREE SCHOOL DISTRICT, Respondent-Appellant, and CHRISTINE ZACHAREWICZ et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the petitioner's reinstatement to a full-time teaching position, and to restore to her all benefits nunc pro tunc to the date when a vacancy first came into existence, the petitioner appeals, as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Suffolk County (Jones, J.), dated May 8, 1987, as denied her any award for back pay for the school years after the 1985-1986 school year, and the Board of Education, South Huntington Union Free School District (hereinafter board) cross-appeals, as limited by its brief, from so much of the same judgment as awarded the petitioner the principal sum of $117,423.25, with interest from September 1, 1982, representing her full salary for the school years beginning September 1, 1982 through June 30, 1986, less sums received by her during that period as income and unemployment insurance benefits.

Ordered that the judgment is reversed insofar as appealed and cross-appealed from, on the law and the facts, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, for a recalculation of the principal sum and interest to be awarded to the petitioner and the entry of an appropriate amended judgment.

Upon a prior appeal, this court found that the petitioner was entitled to be reinstated to a full-time teaching position nunc pro tunc to the date when a vacancy first came into existence and the matter was remitted for a determination of that vacancy date and a calculation of any back pay owed to the petitioner (see, Matter of Kohler v Board of Educ., 122 AD2d 878, lv dismissed 70 NY2d 744, rearg denied 70 NY2d 872).

After a hearing upon the remittitur, the Supreme Court, Suffolk County, determined, in relevant part, that a full-time teaching position was first vacant on September 1, 1982, that the petitioner was entitled to back pay in the principal sum of $117,423.25, with interest from September 1, 1982, representing her full salary for the school years beginning September 1, 1982 through June 30, 1986, less sums received by her during that period as income and unemployment benefits, and that the petitioner was not entitled to any moneys after the 1985-1986 school year.

We find that there must be a recalculation of the sum due to the petitioner for the following reasons.

First, we agree with the board that it was error for the hearing court to award the petitioner her full salary for the 1984-1985 school year. The position that would have been filled by the petitioner, if she had then been reinstated, had been reduced to a four-fifths position for that school year. The petitioner failed to establish that if she had been reinstated in 1982, she would have had preference over other teachers, who purportedly had less seniority than the petitioner, with respect to a full-time teaching position during the 1984-1985 school year. Accordingly, for the 1984-1985 school year, the petitioner should have been awarded only four fifths of her salary, less any sums received by her as income and unemployment benefits.

Second, we find that the petitioner is entitled to receive back pay for the school years after the 1985-1986 school year and continuing thereafter until she is reinstated or offered a full-time teaching position. Contrary to the hearing court's determination, it was error to deny the petitioner this relief because "she had removed herself to Albany County and accordingly was not available for employment". Although the petitioner and her family had moved to Albany County in May 1986 there is no evidence in the record of any intent on her part to abandon or waive her statutory right to reinstatement (see, Matter of Lewis v Cleveland Hill Union Free School Dist., 119 AD2d 263; Ciccarelli v Board of Educ., 107 AD2d 1050; Matter of Acinapuro v Board of Coop. Educ. Servs., 89 AD2d 329). The petitioner has at all times actively sought reinstatement (see, Matter of Kohler v Board of Educ., supra), and both she and her husband testified unequivocally that there would be no impediment to their return to the area if an offer of reinstatement was made to the petitioner, and that such an offer would be accepted by the petitioner. Therefore, the petitioner is entitled to back pay for the school years after

June 30, 1986, less any sums received as income and unemployment benefits, until she is reinstated or offered a full-time teaching position.

Third, while we do not agree with the board's claim that interest on the principal sum to be awarded the petitioner should commence on August 15, 1986, the date this court directed the petitioner's reinstatement, nevertheless, as conceded by the petitioner, it was improper for interest upon the entire principal sum to commence on September 1, 1982, the date of the vacancy. In this case, the petitioner's damages were incurred at various times, to wit, each pay period during which she had not been reinstated or offered a full-time teaching position. Under these circumstances, the interest "shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date" (CPLR 5001 [b]).

Accordingly, the matter is remitted to the Supreme Court, Suffolk County, for a recomputation of the principal sum and interest to be awarded to the petitioner and the entry of an appropriate amended judgment.

The board's other contentions have been considered and found to be without merit. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.