OPINION OF THE COURT
Robert F. Doran, J.
Two postverdict motions are pending before the court. The first motion deals with interest to verdict (CPLR 5001).
This case involved an alleged implied employment contract between plaintiff and defendant. The jury found there was an implied employment contract and also found there was not sufficient and just cause for the termination of plaintiff’s employment on August 21, 1984.
A special verdict sheet instructed the jury to itemize the damages so as to allow a separate amount for lost wages up to the date of the verdict and a separate amount for lost fringe benefits up to the date of the verdict. The jury determined *520 those amounts to be $58,695 and $24,396, respectively. A separate amount was set by the jury for the present value of future lost wages and the present value of future lost fringe benefits: $115,000 for the present value of future lost wages and $47,000 for the present value of future lost fringe benefits. The grand total was $245,091. The jury determined that the present value of future lost wages would be incurred over 22 years and determined that the present value of future lost fringe benefits would be incurred over 11 years. The jury rendered its verdict on March 8, 1989.
Plaintiff submitted a judgment, not on notice, to the court which was signed and entered. The judgment included interest on the entire verdict of $245,091 from August 21, 1984.
Defendant has timely moved to correct the judgment. The court, relying on two cases that were not cited by either party (Matter of Kohler v Board of Educ., 142 AD2d 676; O’Donnell v Vanecek, 3 Misc 2d 20), agrees that the judgment must be corrected.
First, the court concludes plaintiff is entitled to interest only on the lost wages and lost fringe benefits up the date of the verdict; no preverdict interest can be allowed on the amount of future lost wages or on future lost fringe benefits. The court also concludes that preverdict interest on damages up to the date of the verdict must be computed at the various times the damages were incurred. Those times are when plaintiff failed to receive paychecks because of her wrongful discharge. The total amount of past lost wages and past lost fringe benefits up to the date of the verdict was $83,091.
A final issue is how the interest is to be computed. The court determines that there must be some kind of monthly computation of lost wages and lost fringe benefits. Defendant claims, and the court concurs, that the period of time between plaintiff’s discharge and the verdict date is 54 months. Dividing the $83,091 by 54 results in $1,538.72 per month in lost wages and lost fringe benefits.
Defendant claims that for the month of September 1984, plaintiff should be able to recover interest on the sum of $1,538.72 from the date of her discharge to the date of the verdict and further claims that for the month of October 1984, plaintiff should be entitled to recover interest on the amount of $3,077.44 from the date of November 1, 1984 through the date of verdict.
The court agrees in part with defendant. It departs in that *521 defendant does not allow any compounding of interest to plaintiff. In the court’s view, the proper method of computing the interest is to take $1,538.72 for 54 months and compound it monthly at 9%. Then, the same sum should be compounded for 53 months. That method should continue until the final last month, when there would be only one-month interest at 9%.
Plaintiff is directed to prepare an amended judgment and attach to it a schedule of computation in accordance with this decision and submit it on notice to the court.
The other motion before the court is a motion pursuant to CPLR 4404, 4406. Defendant seeks a judgment dismissing the complaint as a matter of law and also seeks to have the jury verdict set aside as contrary to the weight of the evidence. The court has reviewed all the motion papers and the memoranda of law and concludes that this motion by defendant should in all respects be denied.