In the Matter of STEPHEN BOYLAN, Appellant-Respondent, v TOWN OF YORKTOWN et al., Respondents-Appellants, et al., Respondents.

Pursuant to statute, an employee who is wrongfully removed from a civil service position may be restored to that position by order of the Supreme Court and shall be awarded back pay from the date of the wrongful removal to the "date of such restoration" (Civil Service Law § 77). The petitioner was wrongfully removed from his position effective February 19, 1986, and was restored to his position on June 24, 1989. Contrary to the respondents-appellants' argument, the Supreme Court erred in failing to award back pay to the petitioner for the period from June 1, 1987, to June 24, 1989. It is true that "where the 'delay in proceeding is occasioned by the conduct of the accused', he will be denied the right to recover wages for the period involved" *(Matter of Yeampierre v Gutman,* 52 AD2d 608, 609; *Matter of Amkraut v Hults,* 21 AD2d 260, 262, *affd* 15 NY2d 627; *Matter of Briggs v Scoralick,* 147 AD2d 694, 696). However, there is nothing in this record to indicate that the petitioner was responsible for delay in restoring him to his position during the period from June 1, 1987, to June 24, 1989.

The Supreme Court also erred in failing to award interest on the award of back pay. In the similar case of *Matter of Kohler v Board of Educ.* (142 AD2d 676, 678), this court held that "the petitioner's damages were incurred at various times, to wit, each pay period during which she had not been reinstated", and that "[u]nder these circumstances, the interest 'shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date' (CPLR 5001 [b])" *(see also, Matter of Sharkey v Police Dept.,* 179 AD2d 655).

We note that in its decision dated May 16, 1989, the Supreme Court stated that any award of back pay to the petitioner had to be reduced, pursuant to General Municipal Law § 207, by whatever moneys the petitioner "earned" from outside employment. No such reduction appears in the judgment appealed from; indeed, no such reduction may properly

be included in the amended judgment to be entered hereon. As the petitioner correctly argues, and the respondents-appellants concede, General Municipal Law § 207 is not applicable to this proceeding. Civil Service Law § 77, which is applicable to this proceeding, does not allow for a reduction in an award of back pay for earnings from outside employment, but only provides for a reduction in the amount of unemployment insurance benefits received.

Accordingly, the matter is remitted to the Supreme Court, Westchester County, for a recomputation of the award of back pay and the interest to be awarded to the petitioner, and for the entry of an appropriate amended judgment. Mangano, P. J., Lawrence, Rosenblatt and O'Brien, JJ., concur.