■ In the Matter of GARY DELLA VECCHIA, Respondent-Appellant, v TOWN OF NORTH HEMPSTEAD, Appellant-Respondent.

[616 NYS2d 55] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Town of North Hempstead, dated July 17, 1989, which, after a hearing, terminated the petitioner's employment as a Laborer II in the Department of Highways of the Town of North Hempstead, the Town of North Hempstead appeals from so much of a judgment of the Supreme Court, Nassau County (Becker, J.), entered November 17, 1992, as awarded the petitioner the principle sum of $160,529.64 representing salary due to him from October 8, 1985, to the date of his reinstatement, and the petitioner cross-appeals, as limited by his brief, from so much of the same judgment as failed to award him accrued leave and overtime compensation.

Ordered that the judgment is affirmed, with costs.

Contrary to the Town's contention, the petitioner was entitled to recover back pay. Deduction of any compensation earned by the petitioner from other employment was not warranted *(see,* Civil Service Law § 77; *see also, Matter of Boylan v Town of Yorktown,* 179 AD2d 753). Moreover, accrued interest on the back pay was properly awarded *(see, Matter of Kohler v Board of Educ.,* 142 AD2d 676).

We disagree with the petitioner's contention raised on his cross-appeal that he was entitled to accrued leave compensation. Personal leave and vacation pay is generally not awarded over and above the full back pay reimbursement *(see, May v Shaw,* 92 Misc 2d 140).

We have examined the parties' remaining contentions and find them to be without merit. Thompson, J. P., Balletta, Krausman and Florio, JJ., concur.