■ JOHN BURIC, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [772 NYS2d 36]—

Order, Supreme Court, New York County (Michael Stallman, J.), entered October 6, 2003, which denied plaintiff police officer's motion for summary judgment insofar as it sought to recover from defendant Police Department (1) back pay for the period of his improper termination without reduction for outside earnings during this period, (2) back pay for the first 30 days of his earlier suspension, and (3) interest on all back pay due and owing, unanimously affirmed, without costs.

With respect to the reduction for outside earnings during the period of the improper termination, the motion court correctly held that Civil Service Law § 77, which prohibits such a reduction, does not avail plaintiff since, by its terms, it applies to employees who were removed "in violation of the provisions of this chapter." Here, plaintiff was terminated pursuant to Administrative Code of the City of New York § 14-115.

With respect to the first 30 days of the suspension, plaintiff could be suspended, without pay, for a period not exceeding 30 days pending the determination of the disciplinary charges preferred against him (Civil Service Law § 75 [3-a]). While two of the three charges were determined to be unfounded (*Matter of Buric v Safir*, 285 AD2d 255 [2002], *lv dismissed* 98 NY2d 688 [2002]), plaintiff was ultimately penalized five vacation days on the third charge, removing a prisoner from a holding cell without authority. It does not avail plaintiff to argue that he would not have been suspended even one day had this been the only charge. The operative statute (Administrative Code § 14-123) makes no distinctions based on the seriousness of the charges or severity of the penalty, and entitles the police officer to full back pay from the date of suspension only if not "convicted . . . of the charges."

With respect to interest on the award of back pay, such was properly denied since the operative statute (Administrative Code § 14-123) makes no provision therefor (*see Rachlin & Co. v Tra-Mar, Inc.*, 33 AD2d 370, 373 [1970]). For the reasons stated above, it does not avail plaintiff that interest is awarded in cases governed by Civil Service Law § 77 (*e.g. Matter of Della Vecchia v Town of N. Hempstead*, 207 AD2d 483 [1994]; *Matter of Boylan v Town of Yorktown*, 179 AD2d 753, 754 [1992]). Concur—Buckley, P.J., Sullivan, Williams and Gonzalez, JJ.