# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

876
CA 14-00296
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF ANDREA GERVAIS AND STEPHANIE
PAROBEK, PETITIONERS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

BOARD OF EDUCATION OF EAST AURORA UNION FREE
SCHOOL DISTRICT AND EAST AURORA UNION FREE
SCHOOL DISTRICT, RESPONDENTS-APPELLANTS.

---

HARRIS BEACH PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

RICHARD E. CASAGRANDE, LATHAM (JENNIFER N. COFFEY OF COUNSEL), FOR
PETITIONERS-RESPONDENTS.

---

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Shirley Troutman, J.), entered May 3, 2013 in a CPLR article 78 proceeding. The judgment, inter alia, determined that the denial of petitioners' rights of placement on the preferred eligibility list was arbitrary and capricious, and reinstated petitioners to the preferred eligibility list.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners, former teachers in respondent East Aurora Union Free School District (School District), commenced this CPLR article 78 proceeding seeking, inter alia, a judgment requiring the School District to place them on the preferred eligibility list for their respective areas of tenure. Respondents—the School District and its Board of Education (Board)—asserted that the petition should be dismissed as untimely and that, in any event, petitioners are not entitled to be placed on the preferred eligibility list inasmuch as they had refused to accept the part-time teaching positions offered to them. Supreme Court ruled in favor of petitioners and ordered that they be placed on the preferred eligibility list, retroactive to September 12, 2012. We now affirm.

Shortly before the start of the 2011-2012 school year, petitioners were hired by the School District as full-time teachers. On June 6, 2012, the Board, owing to budget constraints, reduced multiple full-time teaching positions to part-time positions. The Board's resolution states that, "[a]s a result of the reduction of the positions, the individuals affected, as determined through seniority

and applicable contract language, will be excessed and placed on the Preferred Eligibility List in accordance with applicable law and regulation."  Because petitioners had the least seniority among teachers in their subject areas, their jobs were selected for reduction.  Petitioner Andrea Gervais's job was reduced from "1.0 FTE" (a full-time position) to ".4 FTE" (40% of a full-time position), while petitioner Stephanie Parobek's job was reduced from "1.0 FTE" to ".2 FTE" (20% of a full-time position).  Petitioners thereafter declined to accept those respective part-time positions, whereupon the Board, by resolution passed on September 12, 2012, terminated their employment and, by letters dated October 2, 2012, informed them that their names "have not been placed on the District's preferred eligibility list" because they had rejected the part-time positions offered to them.  Petitioners filed separate notices of claim pursuant to Education Law § 3813 on December 10 and 11, 2012, and then jointly commenced this proceeding on January 10, 2013.

We initially conclude that, contrary to respondents' contention, the court properly determined that the proceeding was timely commenced.  "A claim accrues for purposes of Education Law § 3813 when it matures and damages become ascertainable" (*Pope v Hempstead Union Free Sch. Dist. Bd. of Educ*., 194 AD2d 654, 655, *lv dismissed* 82 NY2d 846; *see Blaze v New York City Dept. of Educ*., 112 AD3d 428, 428-429).  Here, petitioners' claims accrued, at the earliest, on September 12, 2012 when the Board terminated their employment with the School District and then determined that they would not be placed on the preferred eligibility list.  Although the Board reduced petitioners' positions to part-time on June 6, 2012 and notified them of such decision by letters dated June 20, 2012, petitioners are not challenging that action by the School District.  Instead, petitioners are challenging the determination of respondents not to place them on the preferred eligibility list, and the June resolution did not state that petitioners would not be placed on the preferred eligibility list if they failed to accept the part-time positions offered to them.  Although the June 20, 2012 letters to petitioners from the School District's superintendent stated that petitioners would be placed on the preferred eligibility list if they accepted the part-time positions, petitioners were not then informed that accepting the part-time positions was a requirement for being placed on the preferred eligibility list.  Thus, as the court determined, petitioners' claims accrued no earlier than September 12, 2012.  This proceeding was commenced on January 10, 2013, which is within the four-month statute of limitations applicable to CPLR article 78 proceedings (*see* CPLR 217 [1]).

With respect to the substantive merits of the case, we conclude that, contrary to respondents' further contention, the court properly ordered respondents to place petitioners on the preferred eligibility list.  Education Law § 2510 (3) (a) provides that, if a teaching position "is *abolished* or if it is consolidated with another position without creating a new position, the person filling such position at the time of its abolishment or consolidation shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in an office or position

similar to the one which such person filled without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he or she has filled" (emphasis added).  The statute further provides that the persons "on such preferred list shall be reinstated or appointed to such vacancies . . . in the order of their length of service in the system at any time within seven years from the date of abolition or consolidation of such office or position" (*id*.)

We agree with petitioners that respondents, by reducing their full-time teaching positions to part-time positions, "effectively abolished the full-time position[s] and created [] new part-time position[s]," thereby triggering petitioners' rights under Education Law § 2510 to be placed on the preferred eligibility list for possible reemployment in a full-time position (*Wild v Board of Educ. of Forestville Cent. Sch. Dist*., 166 AD2d 901, 901, *lv denied* 77 NY2d 802; *see also Seney v Board of Educ. of the E. Greenbush Cent. Sch. Dist*., 103 AD3d 1022, 1023).  We further conclude that petitioners' rejection of the part-time positions, which resulted in the termination of their employment with the School District, did not render them ineligible for placement on the preferred eligibility list (*see generally Matter of Girard v Board of Educ. of City Sch. Dist. of Buffalo*, 168 AD2d 183, 186; *Matter of Lewis v Cleveland Hill Union Free Sch. Dist.*, 119 AD2d 263, 266-267).

Finally, we note that, to the extent that respondents contend that petitioners were not entitled to placement on the preferred eligibility list because they did not have tenure, that contention is not properly before us inasmuch as it is raised for the first time on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court