S. Reymart Alter, J.
Petitioner, a regular licensed teacher of mathematics in the high schools of New York City, asserting that he has acquired tenure, seeks to annul the actions of the respondents in terminating his services without a hearing.
Petitioner had served as a regular substitute teacher of mathematics at James Monroe High School for the years 1966-67 and 1967-68. He was rated satisfactory for both years by the principal of the school. Having passed a competitive examination on February 1, 1968, he was appointed as a regular teacher of mathematics in September, 1968 in the same school and under the aegis of the same principal. For the year 1968-69 he again received a satisfactory rating.
On September 24,1969 petitioner was notified by the Board of Examiners that his license would be terminated on June 30,1970 for his failure to complete various course requirements, and on June 6, 1970 respondents notified him that, by reason of the termination of his license, his services would also terminate on June 30,1970. On July 17, 1970 petitioner wrote to the Deputy Superintendent of the Board of Education that by reason of his substitute service, he had acquired tenure after the first year of probationary service and accordingly his license could not be revoked without a formal hearing. On August 26 he was advised that although he was eligible to claim his two years’ substitute service towards the period necessary to acquire tenure, he had failed to file for such credit and accordingly never acquired tenure. On December 7, 1970 petitioner commenced this proceeding.
*501 Respondents reassert here that petitioner never acquired tenure and urge that in any event the proceeding is barred since it was not commenced within four months after petitioner’s notification of termination of services.
It is established law that a teacher who has served a satisfactory probationary period and has acquired tenure may not be summarily dismissed without a hearing and charges, on the ground that he has failed to meet the eligibility requirements for the position (Matter of Mannix v. Board of Educ., 21 N Y 2d 455; Matter of Glass v. Board of Educ., 21 A D 2d 891, affd. 16 N Y 2d 982; Matter of Kobylski v. Agone, 37 Misc 2d 255, affd. 19 A D 2d 761).
Petitioner claims tenure on the basis of subdivision 1 of section 2573 of the Education Law as it existed prior to its recent amendment (L. 1971, ch. 116, § 10, subd. 1). It read as follows: ‘ ‘ teachers * * * shall be appointed * * * for a probationary period of not less than one year and not to exceed three years; such period to be fixed by the board of education in its discretion, except that in the case of a teacher who has rendered satisfactory service as a regular substitute for a period of two years * # * the probationary period shall be limited to one year.”
The credit for the two years’ substitute service will hereafter be referred to by its popular name — Jarema credit.
Respondents assert that, under the powers granted to them by subdivision 13 of section 2554 of the Education Law to adopt by-laws and regulations to make effective the provisions of the Education Law, the Board of Education has required, for the past 25 years, eligible teachers to apply for Jarema credit within 30 days of regular appointment. This policy has been adopted in order to put the respondents and the Immediate supervisor on notice that the probationary period for the teacher will be only one year instead of three. The reason for such notice, the respondents state, is as follows: “ Ordinarily, a teacher’s probationary period is three years. His principal has that full three-year period .to evaluate his progress. Certainly, the standards used to measure the performance of a teacher in the first year of probation will be more lenient than those used to judge a teacher in his last year of probation. A principal rating a teacher in his first year after appointment will be prone to give the teacher the benefit of every doubt, knowing that he has two more years before tenure in which to re-evaluate his performance. Therefore, if a teacher plans to avail himself of the ‘ Jarema ’ credit provisions, it is essential that he put his *502 principal on notice immediately of his change of status so as to enable adequate time for evaluation. ’ ’
Anticipating the question — why cannot the Board of Education check its own. records to determine the eligibility for Jarema credit? — the respondents say that “an impossible burden” would be placed upon it since thousands of new teachers are appointed yearly.
Subdivision 1 of section 2573 of the Education Law is explicit. No precondition is imposed by the Legislature for the reduction of probationary service to one year other than the satisfactory completion of two years of regular substitute service. The benefit of Jarema credit is given automatically. Nothing further need be done. Even assuming arguendo that the statute reasonably implies that a teacher must give notice of his eligibility for Jarema credit, the implication cannot be extended to the point of saying that it must be given within a set period of time.
It is not within the power of the respondents to “put into the body of the statute a limitation which [the Legislature] did not think it necessary to prescribe ” (Morrill v. Jones, 106 U. S. 466, 467). An administrative agency possesses no inherent legislative power and must confine the exercise of its delegated authority within the boundaries of the Legislature’s mandate (Matter of Boyd v. Collins, 11 N Y 2d 228; Matter of Gross v. New York City Alcoholic Beverage Cont. Bd., 7 N Y 2d 531; Matter of Hines v. La Guardia, 293 N. Y. 207; Matter of Cherry v. Board of Regents, 289 N. Y. 148; Matter of Kobylski v. Agone, 37 Misc 2d 255, affd. 19 A D 2d 761 (supra); Matter of Walling v. Scheehter, 9 Misc 2d 621, affd. 8 A D 2d 605, affd. 7 N Y 2d 814). The time limitation set by the respondents to file for Jarema credit imposes an additional burden not contemplated by the statute. Respondents’ administrative difficulties must be solved in ways other than by clashing with the plain provisions of the statute. The fact that the procedure has been utilized for 25 years does not consecrate it.
It should be noted that the respondents were not in any manner misled by the petitioner’s failure to claim Jarema credit by the time set by them. At the time petitioner was rated for his probationary period, he was no stranger to his principal. He had already served almost three years under his supervision. In his comments concerning the petitioner, the principal wrote: ‘ ‘ Mr. Lippold has shown remarkable growth as a teacher. His active participation in the college-bound program and his success in teaching the pupils involved in this program are evidence of this growth. Also he shows sincere interest in his pupils, and has *503 spent many additional hours beyond the regular day teaching those pupils who need extra help.”
It would seem from this comment that the leniency that principals afford beginning teachers was unnecessary in Mr. Lippold’s ease and that, in fact, he satisfactorily fulfilled his probationary year. Having fulfilled all the requirements pursuant to section 2573 of the Education Law, he has acquired tenure and cannot be removed from his position without a hearing of charges.
The four-month Statute of Limitations is not a bar to a proceeding where there is involved a continuing duty on the part of the respondents in respect of a continuing wrong (Matter of Central School Dist. No. 2 v. New York State Teachers’ Retirement System, 23 N Y 2d 213). The proceeding herein is one to compel the performance of a duty specifically enjoined by law and the right to relief is thus not barred by the four-month statute.
The petition is granted.