■ MADELINE A. VLEMING, as Administratrix of the Estate of RICHARD VLEMING, Deceased, Respondent, v DRIVE & PARK, INC., Also Known as AVIS RENT A CAR, and Also Known as DRIVE & PARK CO., INC., Defendant, and H. G. PAGE BUILDING MATERIALS, Also Known as H. G. PAGE, Appellant.—In an action to recover damages for personal injuries, etc., the appeal is from an order of the Supreme Court, Dutchess County, dated August 5, 1977, which granted the plaintiff's motion to vacate an order dismissing the action for failure to serve a complaint. Order affirmed, without costs or disbursements. Approximately one month after serving a notice of appearance and demand for a complaint, appellant moved to dismiss the action for failure to serve a complaint. The motion was granted without opposition. Two months after the date of the order of dismissal and four months after the appellant had appeared, plaintiff moved to vacate the order. The motion was granted on condition that plaintiff immediately serve the complaint. From the moving papers, it appears that the action may be meritorious, that the plaintiff suffered substantial injuries, and that the appellant was not prejudiced by the delay. Accordingly, Special Term properly vacated the order of dismissal, and granted plaintiff leave to serve a late complaint (see *Van Ness v Aetna Cas. & Sur. Co.,* 57 AD2d 832; *Moran v Rynar,* 39 AD2d 718). Titone, J. P., Lazer, Margett and Martuscello, JJ., concur.

■ In the Matter of FRANCIS BELLUARDO, Respondent, v BOARD OF EDUCATION OF THE COMMACK UNION FREE SCHOOL DISTRICT, Appellant.— Appeal from a judgment of the Supreme Court, Suffolk County, dated June 21, 1978, which, *inter alia,* held that the action of the appellant in withholding petitioner's pay during a period of suspension was "arbitrary, capricious and illegal." Judgment affirmed, with costs. Since this proceeding seeks the vindication of a private rather than public right, the filing of a verified notice of claim was a condition precedent to its maintenance (Education Law, § 3813, subd 1; *Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 379-380; but see *Ruocco v Doyle,* 38 AD2d 132 [not observing the distinction where the relief sought was equitable in nature]). The petitioner's attorney informed the school board by letter that its withholding of petitioner's salary was illegal. This notice was sent within 90 days of the school board's action, and informed the board that unless petitioner's back pay was forthcoming, this proceeding would be commenced. Although the letter was not verified, the court has the power to permit the claim to be amended by supplying the omitted verification (*McCullough v Board of Educ.,* 11 AD2d 740). Since the petition by which this proceeding was commenced was verified, was served within three months of the accrual of the claim, and contained the material allegations on which the claim was based, such permission should have been granted. As to the merits of the claim, it is well settled that a tenured teacher may not be suspended without pay pending final determination of charges filed against him pursuant to section 3020-a of the Education Law (*Matter of Jerry v Board of Educ.,* 35 NY2d 534). If the teacher obstructs the proceedings, or obtains frivolous adjournments in bad faith, then he will forfeit his salary for the period of the delay (cf. *Matter of Yeampierre v Gutman,* 52 AD2d 608). However, the burden of proving this fact lies with the school board (cf. *Matter of Yeampierre v Gutman, supra*). On the record before us, the school board has failed to establish that petitioner sought to delay the proceedings or that he acted in bad faith. Damiani, J. P., Gulotta, Margett and Mangano, JJ., concur.