■ In the Matter of GILBERT DERLE, Appellant, v NORTH BELLMORE UNION FREE SCHOOL DISTRICT, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the respondent North Bellmore Union Free School District to pay the petitioner his salary pending a hearing pursuant to Education Law § 3020-a, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Robbins, J.), entered June 28, 1985, which dismissed the proceeding.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof which dismissed that branch of the petition which demanded salary and benefits for the period from August 11, 1985 to December 15, 1985, and the claim for attorney's fees; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination consistent herewith with respect to the petitioner's claim for salary and benefits for the period from August 11, 1985 to December 15, 1985, and his claim for attorney's fees.

The petitioner, a tenured teacher, was charged by the respondent with engaging "in physical contact of a sexual nature with students" in his classroom, and he requested a hearing pursuant to Education Law § 3020-a. After criminal charges involving the same allegations were filed against the petitioner, he requested an adjournment of the hearing pending resolution of the criminal proceeding. On March 22, 1985, the day after the petitioner's request for an adjournment, the district superintendent suspended his salary for the length of the adjournment. The hearing panel chairman granted the petitioner's application for an adjournment on April 12, 1985. On August 11, 1985, the hearing panel chairman reversed himself and ordered the hearing reopened. However, no hearing was held, and the petitioner resigned effective December 15, 1985. Subsequently, in February 1986 the petitioner entered a plea of guilty in his criminal case. On appeal, the petitioner seeks retroactive salary and benefits for the period from March 22, 1985 until December 15, 1985.

We find that the petitioner is not entitled to receive retroactive salary benefits for the period from March 22, 1985 to August 11, 1985. Since the petitioner sought and obtained an adjournment of the Education Law hearing and was fully responsible for any delays occasioned thereby, he is not, therefore, entitled to salary benefits for that period (see, Matter of Johnson v Board of Trustees, 61 NY2d 1014; Gerber v New York City Hous. Auth., 42 NY2d 162). The adoption of

the petitioner's contentions to the contrary could result in protracted or potentially indefinite delays during which time the school district would be required to pay the teacher in question without being able to proceed against him.

We cannot, however, on the basis of the present record, determine whether the petitioner is entitled to salary payments for the period between August 11, 1985 and December 15, 1985. We, therefore, remit this matter to the Supreme Court, Nassau County, for a new determination of that issue as well as a determination with respect to the petitioner's claim for attorney's fees. If the appellant was responsible for the failure to hold a hearing in this period, he is not entitled to relief. Bracken, J. P., Niehoff and Kooper, JJ., concur.

Brown, J., concurs in part and dissents in part and votes to reverse the judgment and grant the petition to the extent that it seeks to restore to the petitioner his salary and benefits for the period from March 22, 1985 to August 11, 1985, and to remit the petitioner's claims with respect to the period from August 11, 1985 until December 15, 1985, to the Supreme Court, Nassau County, in a memorandum in which Eiber, J., concurs: I must disagree with my colleagues' conclusion that the mere fact that the petitioner sought and obtained an adjournment of the hearing to protect his rights in the criminal proceeding deprived him of the right to salary and benefits during the period of said adjournment.

As a tenured teacher, the petitioner is entitled to continued salary payments pending a decision in the Education Law § 3020-a proceeding, absent a collective bargaining agreement or express statutory provision to the contrary (see, Matter of Adlerstein v Board of Educ., 64 NY2d 90, 98). Although the petitioner may forfeit this right to continued payments if he obstructs the proceeding or "obtains frivolous adjournments in bad faith", the burden of proving bad faith is on the respondent (Matter of Belluardo v Board of Educ., 68 AD2d 887). Here, the respondent did not meet that burden, particularly in light of the hearing panel's determination that there was good cause for granting the adjournment (8 NYCRR 82.11 [c]).