In the Matter of GILBERT DERLE, Appellant, v NORTH BELLMORE UNION FREE SCHOOL DISTRICT, Respondent.

The petitioner, a tenured teacher, was charged with misconduct by the respondent school district and requested a hearing pursuant to Education Law § 3020-a. The school district suspended the petitioner's salary and benefits after he requested an adjournment of the proceeding in March 1985. The Chairman of the Hearing Panel initially granted the adjournment but, on August 11, 1985, ordered the hearing to reconvene. In a previous appeal, we determined that the petitioner was not entitled to salary and benefits for the period that the hearing was adjourned between March 22, 1985 and August 11, 1985, because he was responsible for that delay. We remitted the matter to the Supreme Court, Nassau County, for a determination as to whether the petitioner was entitled to salary payments for the period from August 11, 1985, until his retirement on December 15, 1985 (*Matter of Derle v North Bellmore Union Free School Dist.*, 134 AD2d 257). The petitioner now appeals from the Supreme Court's determination that he was not entitled to salary and benefit payments for that period.

We find that the record does not support the court's conclusion that the petitioner was responsible for the delay in reconvening the hearing after August 11, 1985. No evidence was offered that the Hearing Panel Chairman ever set a date for the hearing to reconvene. The school district failed to offer any evidence that the petitioner interfered with its efforts to pursue the disciplinary charges. The parties signed a stipulation dated November 12, 1985, which resulted in the petitioner's resignation, effective December 15, 1985. Under these circumstances in the absence of proof that the petitioner was responsible for any delay in the hearing process between August 11 and December 15, 1985, he may not be denied salary and benefits for that period (*see, Gerber v New York City Hous. Auth.*, 42 NY2d 162; *Matter of Derle v North Bellmore Union Free School Dist., supra; see generally, Matter of Adlerstein v Board of Educ.*, 64 NY2d 90). Mollen, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.