■ In the Matter of FLORENCE GROSS, Appellant-Respondent, v BOARD OF EDUCATION OF THE ELMSFORD UNION FREE SCHOOL DISTRICT, Respondent-Appellant, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Board of Education of the Elmsford Union Free School District to reinstate the petitioner as a full-time tenured teacher, the petitioner appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Wood, J.), dated July 13, 1988, which determined (1)

that certain income derived from teaching employment should be deducted from the petitioner's award of back pay, and (2) that the petitioner was obligated to mitigate damages by accepting the tender of reasonable employment offered by the respondent, and the Board of Education of the Elmsford Union Free School District cross-appeals, as limited by its brief, from so much of the same judgment as awarded her (1) an increase in salary grade, and (2) reimbursement for amounts expended in seeking employment subsequent to her discharge.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

By judgment dated September 9, 1985, subsequently affirmed by this court (*Matter of Gross v Board of Educ.,* 132 AD2d 609), the Supreme Court, Westchester County, directed, *inter alia,* that a hearing be held with respect to the "amount of salary due petitioner less the amount of earnings from all other employment" owed as a consequence of her wrongful discharge from her position as a reading teacher. Thereafter, the parties appeared before the Supreme Court, Westchester County, and orally stipulated on the record that, in lieu of the foregoing evidentiary hearing, the matter would be submitted to the court for decision "on the issues of law", upon written memoranda. The court was to set down the matter for a hearing only if it required "additional facts to make a determination". The parties further agreed that, "[i]n the event either party needs additional clarification, either party can make a motion to the court for further clarification of the decision". The petitioner's counsel specified no issue in particular as one requiring further factual development prior to the submission of memoranda.

Thereafter, the parties submitted memoranda of law briefing the issue of the amounts due the petitioner. In the petitioner's memorandum, it was argued, *inter alia,* as a principle of law, that only *"substitute"* and not "supplemental" income could be deducted from the petitioner's award of back pay (*see, Matter of Hawley v South Orangetown Cent. School Dist.,* 98 AD2d 749, *affd* 67 NY2d 796). No factual discussion of the particular employment to which this principle would apply was included in the memorandum.

In the judgment appealed from, the Supreme Court concluded, *inter alia,* that (1) income derived from outside teaching employment would be deducted from any back pay award, and (2) the petitioner failed to mitigate damages when she

declined a position offered to her in January 1985 by the school district. The petitioner made no motion, as provided for in the parties' oral stipulation, for "clarification" of the court's determination with respect to the presence of issues of fact requiring a hearing.

On appeal, the petitioner alleges, *inter alia,* that the court erred in concluding, as a "matter of law", that the school district was entitled to an offset for the petitioner's earnings derived from teaching. We find otherwise.

Having been afforded ample opportunity to identify issues of fact necessitating a hearing, first during the parties' oral stipulation, and then in her memorandum of law or by motion, the petitioner cannot now claim that the court erred in reviewing her supplemental employment history upon the documents submitted by the parties. Moreover, the petitioner's memorandum of law neither provides factual discussion of any part-time employment history nor alleges the existence of fact issues precluding resolution of the supplemental income question upon written submissions. In light of the petitioner's failure to present evidence upon which a finding, in her favor could be based, we discern no error in the court's resolution of the supplemental income issue.

The petitioner's reliance upon the holding in *Matter of Hawley v South Orangetown Cent. School Dist. (supra),* as supporting the proposition that a discharged teacher is not obligated to mitigate damages, is misplaced. In that case, the Court of Appeals held that "compensation paid * * * during [a] *period of suspension* may not properly be characterized as 'damages' to which a common-law duty to mitigate" applied *(Matter of Hawley v South Orangetown Cent. School Dist., supra,* at 798 [emphasis added]). At bar, there is no issue raised with respect to the payment of compensation during a period of suspension and, accordingly, the *Hawley* case poses no bar to the application of a duty to mitigate damages *(see, Matter of Specht,* 20 Ed Dept Rep 457, 459).

We have reviewed the parties' remaining contentions, including those raised by the school district, and find them to be without merit. Mollen, P. J., Brown, Kooper and Miller, JJ., concur.