OPINION OF THE COURT
 

 Per Curiam.
 

 Gilbert Derle was for more than 30 years a tenured teacher
 
 *486
 
 in the North Bellmore School District. In November of 1984, the District’s Board of Education charged Derle with misconduct and he requested a hearing on these charges pursuant to Education Law § 3020-a. Derle ultimately resigned from the District. On this appeal, we consider whether Derle’s request for an adjournment of the hearing pending the disposition of parallel criminal charges effectively disqualified him from receiving his pay during the nine months between the adjournment request and the effective date of his resignation. Based on our decision in
 
 Matter of Jerry v Board of Educ.
 
 (35 NY2d 534), we hold that the District had no authority to suspend payments during the period in question.
 

 Derle joined the North Bellmore School District in 1952. In addition to serving as a teacher, Derle was also an assistant principal and later the principal of one of the District’s elementary schools. On November 13, 1984, Derle was notified that the District’s Board of Education had determined that probable cause existed to charge him with misconduct
 
 (see,
 
 Education Law § 3020-a [2]). Derle duly requested a hearing on the charges and the hearing was scheduled for March 21, 1985. In February of 1985, Derle was arrested by Nassau County Police and was charged with three counts of sexual abuse in the second degree (Penal Law § 130.60) and three counts of endangering the welfare of a child (Penal Law § 260.10). Derle entered a plea of not guilty to these charges. The criminal prosecution and the section 3020-a charges involved the same allegations of misconduct.
 

 On March 6, 1985, Derle made a motion for adjournment of the section 3020-a hearing pending the determination of the criminal charges. In the affirmation accompanying Derle’s notice of motion, his attorney argued that Derle’s right to defend himself and his privilege against self-incrimination would be compromised if he were forced to proceed with the section 3020-a hearing. On March 21, the parties argued the merits of this motion. The panel took the motion under advisement, and, in a written opinion dated April 12, 1985, granted the motion for an adjournment. The panel chairman noted that it was "conceivable that what takes place in that administrative hearing could have an influence on his [Derle’s] ability to utilize all avenues of defense available to him in a criminal proceeding.” The chairman also noted that precedent in this area weighed in favor of granting the adjournment. The District had given Derle his final paycheck on March 22, 1985 and thereafter ceased making any salary payments.
 

 
 *487
 
 On August 11, 1985, the panel reversed itself and ordered the hearing reopened, based in part upon its review of a recent decision from the Commissioner of Education denying adjournment under circumstances similar to those present in the Derle case. The hearing was never held, however, and the parties entered into a settlement agreement in November that provided for Derle’s resignation effective December 15, 1985.
 

 In the meantime, by service of a supplemental notice of petition and amended verified petition dated May 1, 1985, Derle commenced a CPLR article 78 proceeding seeking reinstatement of his salary with full back pay and benefits retroactive to March 21, 1985, and an order declaring the District’s action in cutting off his salary and benefits null and void. Supreme Court, Nassau County, dismissed the petition and Derle appealed to the Appellate Division. On November 2, 1987, the Appellate Division modified, with two Justices dissenting in part, remanding the matter to the Supreme Court for a new determination regarding Derle’s entitlement to salary and benefits for the period between August 11, 1985 and December 15, 1985, and as so modified, affirmed (134 AD2d 257). Derle’s appeal to this Court as of right based on the double dissent in the Appellate Division
 
 (see,
 
 CPLR 5601 [a]) was dismissed
 
 sua sponte
 
 for lack of finality (71 NY2d 890).
 

 Thereafter, Derle moved the Supreme Court for salary and benefits for the period between August 11, 1985 and December 15, 1985. Supreme Court subsequently dismissed Derle’s application for salary and benefits for that period and Derle again appealed to the Appellate Division. On February 5, 1990, the Appellate Division reversed, holding that the petitioner was entitled to salary and benefits for that four-month period. The Appellate Division noted that there was no evidence that Derle was responsible for any delay in reconvening the hearing after August 11, 1985, and thus there was no basis for denying him salary and benefits for that period (158 AD2d 456, 457). Derle appeals from the February 5, 1990 Appellate Division order to bring up for review that portion of the prior nonfinal November 2, 1987 order that denied him salary and benefits for the period between March 21, 1985 and August 11, 1985. The District cross-appeals from the February 5, 1990 order.
 

 In
 
 Jerry (supra)
 
 we held that Education Law § 3020-a, as worded at that time, did not authorize the withholding of a teacher’s pay during a period of suspension. "Compensation is
 
 *488
 
 a matter of such substantive right on the part of the teacher that we conclude that it cannot be taken away from him except pursuant to explicit statutory authorization.”
 
 (Id.,
 
 at 541-542;
 
 see also, Matter of Adlerstein v Board of Educ.,
 
 64 NY2d 90, 98.) In the intervening 16 years, the Legislature has not amended the Education Law to authorize school districts to withhold compensation from suspended teachers pending final determination of charges in a section 3020-a hearing. For that reason, our reasoning in
 
 Jerry
 
 has no less force today than it did in 1974. Derle was entitled to compensation for the entire period at issue on this appeal because the District had no authority to withhold his pay pending the outcome of the hearing. Again, as in
 
 Jerry,
 
 we must leave it to the Legislature to determine whether the Education Law should be amended in such a way as to grant local school districts the authority they currently lack.
 

 Despite
 
 Jerry,
 
 the District argues that Derle is not entitled to compensation because he occasioned the delay by requesting an adjournment of the section 3020-a hearing pending the disposition of the criminal charges against him. In support of its argument, the District cites
 
 Matter of Belluardo v Board of Educ.
 
 (68 AD2d 887), in which the Appellate Division held that "[i]f the teacher obstructs the proceedings, or obtains frivolous adjournments in bad faith, then he will forfeit his salary for the period of the delay”. Even under the
 
 Belluardo
 
 standard, however, Derle would be entitled to compensation, because there is absolutely no evidence in the record that he engaged in obstructionist conduct or acted in bad faith when he requested an adjournment of the hearing. At the time that the request was made, there was legal precedent supporting Derle’s position
 
 (see, e.g., Corodimas v Ralston,
 
 76 Civ 426, [ND NY, Nov. 4, 1976, Foley, J.]). Although the Commissioner of Education later held that the adjournment of a section 3020-a hearing is not required when parallel criminal proceedings are underway
 
 (see, Matter of Board of Educ. [Avino],
 
 24 Ed Dept Rep 466), this decision in a wholly separate case in no way establishes that Derle’s request to adjourn the hearing in his own case was a bad-faith attempt to obstruct the hearing process. That the panel chair found good cause to adjourn the hearing
 
 sine die (see,
 
 8 NYCRR 82.11 [c]) buttresses Derle’s contention that he did not act frivolously in requesting the adjournment.
 

 Because we hold that the District was not empowered to withhold compensation from Derle pending the final determi
 
 *489
 
 nation of the charges against him in the section 3020-a hearing, we need not consider the issue of whether the superintendent, acting alone and without the authority of the Board of Education, could properly terminate Derle’s salary payments. Accordingly, the order of the Appellate Division appealed from and the order of the Appellate Division brought up for review should be modified in accordance with this opinion, and, as so modified, affirmed, with costs to petitioner.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
 

 Order of the Appellate Division appealed from and order of the Appellate Division brought up for review modified, etc.