**Marianne N. McCREERY, Plaintiff,**

v.

**BABYLON UNION FREE SCHOOL DISTRICT, et al., Defendants.**

**No. CV 91–2200.**

United States District Court, E.D. New York.

Aug. 10, 1993.

---

Cahn, Wishod, Wishod & Lamb by Joel. M. Markowitz, Melville, NY, for plaintiff.

J. Christopher Meagher, New York City, for defendant ARENA.

Ahmuty, Demers & McManus by Kevin G. McMorrow, Albertson, NY, for defendants Babylon Union Free School Dist., Bd. of Educ., etc.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Marianne N. McCreery ("plaintiff" or "McCreery"), brought suit against the Board of Education of the Babylon Union Free School District ("School Board" or "defendant") and others, pursuant to 42 U.S.C. § 1983, alleging, in part, that the School Board deprived her of an interest in property without due process when it terminated her pay without any notice or opportunity to be heard. Presently before the Court is plaintiff's motion for partial summary judgment with respect to her procedural due process claim. For the reasons stated below, plaintiff's motion is hereby granted.

## I. BACKGROUND

On October 25, 1990, McCreery, a tenured employee of the Babylon Union Free School District ("School District"), was suspended with pay pending disciplinary proceedings pursuant to New York Education Law § 3020–a. Plaintiff brought suit under 42 U.S.C. § 1983 alleging, inter alia, that she was deprived of a property interest without due process. This Court dismissed plaintiff's claim on the ground that plaintiff was not deprived of any interest in property because she was receiving her employment benefits pending the outcome of the disciplinary proceedings.

On February 8, 1993, the School Board, without giving plaintiff any prior notice or opportunity to be heard, terminated plaintiff's pay. Plaintiff thereafter amended her complaint to allege that the School Board violated her procedural due process rights by terminating her pay without the benefit of any pre-deprivation notice or hearing. Defendant alleges that plaintiff's pay was terminated because she acted in bad faith by seeking numerous, unnecessary adjournments to the disciplinary proceedings and that under New York law a suspended employee forfeits any right to employment benefits when acting in bad faith.

## II. DISCUSSION

■ Plaintiff claims that the School Board lacked the statutory authority to terminate plaintiff's pay pending her administrative hearing. Although New York Education Law § 3020–a does not explicitly give a school board the authority to suspend pay during the pendency of administrative hearings, New York courts have held that a school board may terminate pay during the pendency of administrative hearings "[if the employee] obstructs the proceedings, or obtains frivolous adjournments in bad faith." *Belluardo v. Board of Educ. of Commack Union Free School Dist.*, 68 A.D.2d 887, 414 N.Y.S.2d 29, 30 (2d Dep't 1979).[1] Thus, plaintiff's argument that the School Board lacked authority to suspend plaintiff's pay is without merit.

■ Next, plaintiff asserts that even if the School Board did have the authority to terminate her pay, doing so without giving plaintiff notice or an opportunity to be heard violated her procedural due process rights. It is axiomatic that a state may not deprive a person of property without due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548

(1972) ("the requirements of procedural due process apply . . . to the deprivation of interests encompassed by the Fourteenth Amendment's protection of . . . property."). In order to determine whether a property interest exists, a court must look to state law. *See Roth*, 408 U.S. at 566, 92 S.Ct. at 2703. This Court must therefore turn to New York state law to determine whether McCreery has a property interest in her employment benefits.

Plaintiff is a tenured employee under New York Education Law § 3012. Under this statute, tenured employees may only be removed from their position for cause. In *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), the Supreme Court held that a similarly worded statute invested the employee with a property interest in continued employment.[2] It stands to reason that if McCreery has a property interest in continued employment she also has a property interest in her employment benefits, including her salary. *See Murphy v. Wack*, No. 89 Civ. 3300, 1991 WL 64193, at *5, 1991 U.S.Dist. LEXIS 5274, at *7 (S.D.N.Y. Apr. 18, 1991) ("It is clear . . . that due process must be afforded to an employee who is to be suspended without pay.") Because this Court finds that under New York law McCreery has a property interest in her pay, this Court must also find that plaintiff's pay ought not to have been terminated without due process.

■ "[O]nce it is determined that the Due Process Clause applies, 'the question remains what process is due.'" *Loudermill*, 470 U.S. at 541, 105 S.Ct. at 1493 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972)).[3] In order to determine whether a pre-deprivation hearing is due as opposed to a post-deprivation hearing, the Constitution demands that courts

---

1. Plaintiff cites to *Derle v. North Bellmore Union Free School Dist.*, 77 N.Y.2d 483, 568 N.Y.S.2d 888, 571 N.E.2d 58 (Ct.App.1991) and *Jerry v. Board of Educ.*, 35 N.Y.2d 534, 364 N.Y.S.2d 440, 324 N.E.2d 106 (Ct.App.1974), in which the New York Court of Appeals held that explicit statutory authorization is required to terminate pay. However, as defendant points out, the *Derle* court recognized the exception enunciated in *Belluardo*.

2. Ohio Rev.Code Ann. § 124.11 (1984):

   Employees may not be removed from their positions "during good behavior and efficient service."

3. Once state law confers a property interest, it is the federal Constitution that defines the procedure for its deprivation. *See Loudermill*, 470 U.S. at 541, 105 S.Ct. at 1492.

balance the competing interests at stake. "These are the private interests in retaining employment, the governmental interests in the expeditious removal of unsatisfactory employees and the avoidance of administrative burdens, and the risk of an erroneous termination." *Id.* at 542–43, 105 S.Ct. at 1493. "[The] root requirement [of the Due Process Clause is] that an individual be given an opportunity for a hearing before he is deprived of any significant property interest except ... where some valid governmental interest ... justifies postponing the hearing until after the event." *Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1979).

Here, plaintiff's interest in receiving her salary, on which her livelihood depends, clearly outweighed the School Board's interest in suspending her pay because of her alleged bad faith dealings. Moreover, the risk of an erroneous termination was significantly increased by the School Board's failure to allow plaintiff to explain the many adjournments. Indeed, without getting to the merits of defendant's bad faith claim, this Court notes that the administrative panel convened to hear the disciplinary proceeding agreed to all the adjournments. Thus, on its face, the bad faith allegation is suspect.

Furthermore, because the Constitution does not require "elaborate" pre-deprivation hearings, such a hearing would have placed neither an undue burden upon the School Board nor would it have interfered seriously with its ability to terminate plaintiff's pay in the event that there was a finding of bad faith.[4] *See Loudermill,* 470 U.S. at 545, 105 S.Ct. at 1495; *Murphy,* No. 89 Civ. 3300, 1991 WL 64193, 1991 U.S.Dist. LEXIS 5274. Thus, this Court finds that plaintiff's right to procedural due process was infringed when the School Board terminated her pay without providing her with notice or an opportunity to be heard prior to termination. Accordingly, plaintiff's motion for partial summary judgment is granted.

---

**4.** Although an administrative hearing to determine whether plaintiff was acting in bad faith would have met the demands of the Due Process Clause, it should be noted that at oral argument

## III. CONCLUSION

For the above-stated reasons, plaintiff's motion for partial summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure is granted.

SO ORDERED.

before this Court, the School Board agreed to proceed directly to an Article 78 proceeding to determine whether plaintiff had acted in bad faith.