■ In the Matter of DANIEL MARCONI, Appellant-Respondent, v BOARD OF EDUCATION OF THE SEAFORD UNION FREE SCHOOL DISTRICT et al., Respondents-Appellants. [627 NYS2d 714] —In a proceeding pursuant to CPLR article 78, inter alia, to compel the petitioner to be restored to the payroll of the Seaford Union Free School District retroactive to March 18, 1993, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Robbins, J.), entered October 13, 1993, which, inter alia, denied the petition, and the Board of Education of the Seaford Union Free School District and the Seaford Union Free School District cross-appeal from so much of the same judgment as limited the time during which they may keep the petitioner off the payroll to 262 days.

Ordered that the judgment is reversed, on the law and on the facts, with costs to the petitioner, and the petition is granted; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for a calculation of the principal sum of back pay and interest to be awarded to the petitioner in accordance herewith and for the entry of an appropriate judgment.

On May 31, 1991, the petitioner, a tenured teacher employed by the Seaford Union Free School District (hereinafter the District), was suspended with pay pursuant to Education Law § 3020-a after he was alleged to have sexually abused a former student. Hearings on the allegations were conducted over a period of approximately 20 months, i.e., from November 1991 through July 1993, and additional hearings were scheduled through November 1993.

On March 17, 1993, the Board of Education of the Seaford Union Free School District (hereinafter the Board) voted to convert the petitioner's suspension with pay to a suspension to without pay, effective March 18, 1993, "due to undue delay having occurred in [his] § 3020-a hearing." The petitioner then commenced this proceeding, inter alia, to compel the District to restore him to the payroll retroactive to March 18, 1993.

By a judgment entered October 13, 1993, the Supreme Court denied the petition, holding that "the period of delay caused

by Petitioner in the hearing with [the District and the Board] pursuant to Section 3020-a of the Education Law was a total of 262 days." The Supreme Court further held "that the [the District and the Board] may keep the Petitioner off the payroll of the Seaford Union Free School District * * * for the period from March 20, 1993 through December 6, 1993, such time period equalling the period of delay caused by Petitioner."

It is well settled that, pursuant to Education Law § 3020-a, a tenured teacher may not be suspended without pay pending the final determination of the charges against him *(Matter of Jerry v Board of Educ.,* 35 NY2d 534). " 'Compensation is a matter of such substantive right on the part of the teacher that we conclude that it cannot be taken away from him except pursuant to explicit statutory authorization' * * * [T]he Legislature has not amended the Education Law to authorize school districts to withhold compensation from suspended teachers pending final determination of charges in a section 3020-a hearing" *(Matter of Derle v North Bellmore Union Free School Dist.,* 77 NY2d 483, 487-488). Nevertheless, when a teacher "obstructs the proceedings, or obtains frivolous adjournments in bad faith, then he will forfeit his salary for the period of the delay" *(Matter of Belluardo v Board of Educ.,* 68 AD2d 887). However, "the burden of proving this fact lies with the school board" *(Matter of Belluardo v Board of Educ., supra,* at 887).

The Board and the District failed to establish that the petitioner sought to delay the proceedings or that he acted in bad faith. The record in this case indicates that the delays in the hearings that were attributable to the petitioner were, contrary to the Supreme Court's holding, relatively short in duration and the result of documented medical reasons, conflicts in the schedule of the petitioner's attorney, and the unavailability of witnesses.

Since a suspended tenured teacher has a property interest in his salary, the petitioner is entitled to recover the back pay that was wrongfully withheld *(see, McCreery v Babylon Union Free School Dist.,* 827 F Supp 136; *Matter of Kohler v Board of Educ.,* 142 AD2d 676, 678; *Matter of Boylan v Town of Yorktown,* 179 AD2d 753), less any substitute income that he earned *(see, Matter of Gross v Board of Educ.,* 159 AD2d 465, 467; *Matter of Hawley v South Orangetown Cent. School Dist.,* 98 AD2d 749, *affd* 67 NY2d 796, 797), with appropriate interest on the balance *(Matter of Kohler v Board of Educ., supra;* CPLR 5001 [b]). Mangano, P. J., Sullivan, Thompson and Hart, JJ., concur.