■ In the Matter of ROBERT POLLOCK, Respondent, v KIRYAS JOEL UNION FREE SCHOOL DISTRICT et al., Appellants. [860 NYS2d 605]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Kiryas Joel Union Free School District and the Board of Education of the Kiryas Joel Union Free School District, which terminated the petitioner from his employment, the Kiryas Joel Union Free School District and the Board of Education of the Kiryas Joel Union Free School District appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated October 5, 2005, as denied their motion for summary judgment dismissing the petition, and (2) a judgment of the same court entered January 26, 2007, which, inter alia, granted the petition, annulled the determination terminating the petitioner's employment, and reinstated the petitioner to his tenured teaching position retroactive to August 5, 2003, "with an award of back pay, interest, and such other and further benefits as would have accrued to him but for his unlawful termination of employment."

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed and the matter is remitted to the Supreme Court, Orange County, for a calculation of the amounts of back pay, interest, and benefits accrued, to be awarded to the petitioner in accordance herewith, and for the entry of an amended judgment thereafter; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The appeal from the intermediate order must be dismissed since an order made in a CPLR article 78 proceeding is not appealable as of right (*see* CPLR 5701 [b] [1]), and any possibility of taking a direct appeal therefrom terminated with the entry of final judgment in the proceeding (*see* *Matter of Aho*, 39 NY2d 241, 248 [1976]).

The petitioner, as a tenured teacher, was entitled to the procedural protections set forth in Education Law § 3020-a. That statute provides, inter alia, that prior to any disciplinary action being taken against a teacher, all charges must be submitted in writing and filed with the clerk or secretary of the school district (*see* Education Law § 3020-a [1]). Thereafter, the employing board of education, in executive session, must vote as to whether there is probable cause for the charges (*see* Education Law § 3020-a [2]). If the board of education's determination is affirmative, a written statement specifying the charges

in detail and outlining the employee's rights, including his right to a hearing, shall be immediately forwarded to that employee (*see* Education Law § 3020-a [2]).

A tenured teacher may enter into a settlement providing for his or her voluntary resignation and forfeiture of protections pursuant to Education Law § 3020-a only if that settlement is shown to have been voluntary and noncoerced (*see Matter of Abramovich v Board of Educ. of Cent. School Dist. No. 1 of Towns of Brookhaven & Smithtown*, 46 NY2d 450 [1979]). Here, the evidence did not establish that the petitioner's purported waiver of his rights under Education Law § 3020-a was voluntary and noncoerced (*id.; see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446, 451-452 [1993]). Accordingly, since it was undisputed that the appellants did not prefer charges or hold a hearing pursuant to Education Law § 3020-a, the Supreme Court properly determined that the appellants' actions were undertaken in violation of lawful procedure (*see* CPLR 7803 [3]; *Matter of Sanders v Board of Educ. of City School Dist. of City of N.Y.*, 17 AD3d 682, 683 [2005]). Thus, the court correctly granted the petition and annulled the determination terminating the petitioner's employment.

The Supreme Court also correctly determined that the petitioner was entitled to an award of back pay, with interest, and such other and further benefits as would have accrued, for the period between his termination by the appellants and his reinstatement (*see Matter of Walters v Amityville Union Free School Dist.*, 251 AD2d 590 [1998]; *Matter of Kohler v Board of Educ. of S. Huntington Union Free School Dist.*, 142 AD2d 676 [1988]). However, we remit the matter to the Supreme Court, Orange County, for the calculation of the specific sums due to the petitioner and for the entry of an amended judgment thereafter. That award shall include an offset for the amount of the petitioner's earnings from other employment since his termination by the appellants and for the amount of unemployment benefits received by the petitioner during that period (*see Matter of Gross v Board of Educ. of Elmsford Union Free School Dist.*, 159 AD2d 465 [1990]; *see also Matter of Marconi v Board of Educ. of Seaford Union Free School Dist.*, 215 AD2d 659, 660).

The appellants' remaining contentions are without merit. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.