■ CLAIRE MEADOW, Appellant, v NYC DEPARTMENT OF FINANCE, MOTOR VEHICLES, Respondent. [877 NYS2d 64]—

Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered March 28, 2008, denying the petition and dismissing this proceeding to challenge a parking violation determination and a $115 fine, unanimously reversed, on the law, without costs, the petition granted, and the matter remanded for a hearing.

After receiving a notice of violation for illegally parking within five feet of a fire hydrant, petitioner timely mailed the ticket back to the Parking Violations Bureau (PVB), entering a plea of not guilty in the manner prescribed by applicable regulations (*see* 19 RCNY 39-04 [b]). Expecting to receive a hearing date (*see* Vehicle and Traffic Law § 240 [1]; Administrative Code of City of NY § 19-206 [a]), petitioner instead received a determination by an administrative law judge finding her guilty of the charged violation. Petitioner's husband promptly wrote to the PVB, explaining that they had expected an opportunity to present evidence at a hearing and requesting that the determination be vacated and either set down for a hearing or, alternatively, dismissed upon consideration of the accompanying factual statement detailing their defense. The PVB denied the request by letter, stating that "only one hearing is granted per summons," and the PVB Appeals Board subsequently denied petitioner's appeal, finding no error of fact or law.

The PVB abused its discretion in denying the request to vacate. Since petitioner showed she had inadvertently invoked the adjudication-by-mail procedure without intending to waive her right to a hearing, the determination was reached in violation of lawful procedure (*see* CPLR 7803 [3]; *Matter of Pollock v Kiryas Joel Union Free School Dist.*, 52 AD3d 722, 724 [2008]). The notice on the back of the ticket indicates three ways "TO PLEAD 'NOT GUILTY' AND REQUEST A HEARING": adjudication by mail, on-line adjudication, or an in-person hearing at any hearing center without an appointment. This notice

does not clearly state that by mailing the ticket back with a not-guilty plea, the person charged thereby consents to adjudication solely on the basis of the summons and any documents submitted by mail, without the "hearing" provided for in Administrative Code § 19-206 and 19 RCNY 39-08. Given the credible assertion that petitioner misunderstood the procedure for entering a not-guilty plea as described on the ticket, and was thus deprived of an opportunity to be heard, she should have been granted a hearing. Concur—Friedman, J.P., Sweeny, Catterson, Renwick and Freedman, JJ.