■ RAFIQ AWAN, Appellant, v CITY OF NEW YORK, Respondent Appellant. [938 NYS2d 44]—

Both section 243 of the Vehicle and Traffic Law and section 19-209 of the New York City Administrative Code provide that judicial review of a decision by the appeals board of the Parking Violations Bureau "may be sought" via an article 78 proceeding. A plenary action to remedy purported violations of civil rights by the Parking Violations Bureau is "foreclosed by the availability of review in an Article 78 proceeding in the state courts" (*Liebers v Parking Violations Bur.*, 1994 WL 119186, *3, 1994 US Dist LEXIS 3986, *7 [1994]). Thus, plaintiff cannot pursue this matter as a plenary action, and Supreme Court providently exercised its discretion under CPLR 103 (c) by converting the action to an article 78 proceeding.

Once converted to an article 78 proceeding, Supreme Court correctly ordered that the Parking Violations Bureau afford plaintiff a live hearing. In this regard, the Parking Violations Bureau Appeals Board abused its discretion in upholding the administrative law judge's decision, as plaintiff demonstrated that he had "inadvertently invoked the adjudication-by-mail procedure without intending to waive [his] right to a hearing

. . . [and, thus, the hearing by mail was] in violation of lawful procedure [CPLR 7803 (3)]" (*Meadow v NYC Dept. of Fin., Motor Vehs.*, 61 AD3d 551, 551 [2009]).

Since the court correctly converted the action to an article 78 proceeding, the note of issue was properly vacated.

We have reviewed plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Saxe, Moskowitz, Acosta and Freedman, JJ.